# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ESTATE OF WILLIAM C. HAYNES, )
by CAROL HAYNES, heir at law, )
                                                         )
                            Plaintiff, )
                                                         )
vs. ) Case No. 08-1175-JTM
                                                         )
UNITED STATES V.A. HOSPITAL, )
                                                         )
                            Defendant. )
_____ )

## ORDER ON IFP STATUS AND
## APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff filed her Complaint pursuant to the Federal Tort Claims Act on June 6, 2008, alleging the wrongful death of decedent (Plaintiff's husband) as a result of "negligence in drug prescriptions." (Doc. 1.) Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (IFP application) with a supporting financial affidavit (Doc. 2, sealed) and an Motion for Appointment of Counsel (Doc. 3).

On August 5, 2008, this Court entered an Order on Plaintiff's motions (Doc. 4), granting Plaintiff's request to proceed IFP, taking Plaintiff's Motion for Appointment of Counsel under advisement and requiring Plaintiff to supplement

her Complaint. The Court ordered Plaintiff to "clarify the details of her Complaint so as to put Defendant on notice of its alleged wrongful conduct, as well as to provide the Court with sufficient detail to ensure the claims are not frivolous." (*Id.*, at 7.) Plaintiff was instructed "to describe approximately when, where, and how the Defendant and/or its representatives or employees were negligent." (*Id.*) As for Plaintiff's request for appointment counsel, the Court took the motion under advisement pending the supplement to Plaintiff's Complaint. Plaintiff also was instructed to contact at least two other attorneys regarding potential representation in this case. (*Id.*, at 9.)

## DISCUSSION

**A.     Sufficiency of the Complaint**.

As stated in the Court's prior order, section 1915 of Title 28, United States Code requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). *See also* **Hall v. Bellman**, 935 F.2d 1106, 1108 (10th Cir. 1991). As the Court has noted, although a *pro se* litigant's pleadings are to be liberally construed, this does not mean that a court must become an advocate for the *pro se* plaintiff. *Id.*, at 1110; *see also* **Haines v.**

*Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

The Court's standard of review for sufficiency of a *pro se* Plaintiff's claims was discussed extensively in the previous Order (Doc. 4, at 3-5) and is incorporated by reference. Suffice it to say, even though Plaintiff's Complaint and supplement are liberally construed, she is still required to allege sufficient facts to provide fair notice to Defendant of the basis of her claims. *Id.*; *see also Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473 (10th Cir. 1989). If the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, it should recommend that the action be dismissed.

Plaintiff's initial Complaint (Doc. 1) is virtually devoid of any substantive factual description regarding the negligence that allegedly lead to her husband's wrongful death. The form Complaint instructed her to provide "a short and plain statement of the claim showing that plaintiff is entitled to relief" and to state "what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)." (*Id.*, at 3.) Plaintiff states only that "defendant's negligence in drug prescriptions wrongfully caused the death of William C. Haynes." (*Id.*) She provided no information as to the identity of the person or persons who she alleges were negligent in prescribing drugs for her

deceased husband.

The Court held that the allegations contained in Plaintiff's Complaint were insufficient to allow the Court to fulfill its responsibility to dismiss frivolous claims brought by *in forma pauperis* plaintiffs. (*Id.*, at 5-7.) Thus, Plaintiff was ordered to supplement her Complaint to clarify its details to put Defendant on notice of its alleged wrongful conduct and provide the Court with sufficient detail. Plaintiff was specifically instructed to attempt to describe approximately when, where, and how the Defendant and/or its representatives or employees were negligent. (*Id.*, at 7.)

Plaintiff has since filed her supplement (Doc. 5), which as been reviewed by the Court. Her supplement consists of a single page stating the dates her deceased husband was a patient at the VA Hospital, the name of his primary care physician, and stating the names of additional attorneys she has contacted to represent her. (Id., at 1.) Attached to this one-page statement are copies of selected pages of the medical records from the Wichita VA Hospital concerning treatment of her deceased husband, including the medications prescribed for him both during his inpatient stay from September 12, 2004, through September 15, 2004, as well as the prescriptions given upon his discharge from the VA Hospital. (Doc. 5, at 2-6.) One of the medications prescribed both for inpatient and outpatient purposes was

methadone.  (Doc. 5, at 4-5.)  Also attached to the supplement was an article from the New York Times in August 2008, describing the risks from taking methadone and stating that methadone is now the fastest growing cause of narcotic deaths. (Doc. 5, at 7-10.) The final attachment to the supplement is a copy of the death certificate for Plaintiff's deceased husband, showing the cause of death as a "drug overdose."  (Doc. 5, at 11.)

The Court has reviewed the documents submitted by Plaintiff, and concludes that, while the supplement is not as detailed as requested, it sufficiently indicates that Plaintiff is claiming that VA Doctors were negligent in the prescribing of methadone to her husband and that this was the cause of his death. The Court therefore concludes that Plaintiff's Complaint cannot be characterized at this early stage of the case as either frivolous or as wholly insufficient to state a claim upon which relief can be granted.

**B.**     **Motion for Appointment of Counsel**

In compliance with the Court's prior Order, Plaintiff contacted two additional attorneys, both of whom "turned down" Plaintiff's request for representation.  (Doc. 5, at 1.)  Although Plaintiff has not indicated why any of the contacted attorneys declined to represent her, this could indicate that her case lacks merit.  Such a finding would weigh against the appointment of counsel.  *See*

*Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). However, as previously noted, the Court cannot conclude that Plaintiff's claim is either frivolous or fails to state a claim upon which relief could be granted. Considering all the factors, including the fact that claims of medical negligence are more complicated than other types of cases, the Court believes appointment of counsel for Plaintiff is warranted in this case.

The Court is in the process of seeking an attorney to appoint for Plaintiff and will enter a subsequent order when an attorney is located who is willing to undertake representation in this case.

While searching for appointed counsel, there is no reason to delay service of the Complaint in this case. The Clerk will therefore proceed to serve the Complaint and summons on the United States as Defendant in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk shall proceed to serve the Complaint and summons upon Defendant, United States of America.

Dated at Wichita, Kansas, on this 15th day of September, 2008.

                                 s/ DONALD W. BOSTWICK
                                 Donald W. Bostwick
                                 United States Magistrate Judge